1  **POMERANTZ LLP**
Jeremy A. Lieberman
2  Francis P. McConville
Jennifer Pafiti
3  600 Third Avenue, 20th Floor
New York, New York 10016
4  Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
5  Email:  jalieberman@pomlaw.com
fmcconville@pomlaw.com
6  jpafiti@pomlaw.com

7  **POMERANTZ LLP**
Patrick V. Dahlstrom
8  10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
9  Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
10  Email:  pdahlstrom@pomlaw.com

11  *Attorneys for Plaintiff*

12              **UNITED STATES DISTRICT COURT**
              **SOUTHERN DISTRICT OF CALIFORNIA**
13  

| | |
|---|---|
| GERALD J. STEFANKO, Individually and on Behalf of All Others Similarly Situated, | No.  '15CV0549 JAH JLB |
| | **CLASS ACTION** |
| Plaintiff, | |
| | **COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** |
| v. | |
| OREXIGEN THERAPEUTICS, INC., MICHAEL A. NARACHI, and JOSEPH P. HAGAN | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Gerald J. Stefanko ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Orexigen Therapeutics, Inc., ("Orexigen" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## **NATURE OF THE ACTION**

1.     This is a federal securities class action brought on behalf of a class consisting of all persons and entities, other than defendants and their affiliates, who purchased the securities of Orexigen from March 3, 2015 to March 5, 2015, inclusive (the "Class Period").   Plaintiff seeks to pursue remedies against Orexigen and certain of its officers and directors for violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

2.     Defendant Orexigen Therapeutics, Inc., is a biopharmaceutical company that focuses on the development of pharmaceutical product candidates for the treatment of obesity. Its product candidates include NB32, also known as

1    Contrave, which has completed Phase III clinical trials and is being studied in a

2    cardiovascular outcomes trial; and Empatic that has completed Phase II clinical

3    trials. The Company has a collaboration agreement with Takeda Pharmaceutical

4    Company Limited ("Takeda") to develop and commercialize Contrave in the

5    United States, Canada, and Mexico.

6        3.    The Company was founded in 2002, is headquartered in La Jolla,

7    California, and its shares trade on the NASDAQ under the ticker symbol

8    "OREX."

9        4.    Throughout the Class Period, defendants made false and/or

10   misleading statements, and failed to disclose material adverse facts about the

11   Company's business, operations, prospects and performance.  Specifically, during

12   the Class Period, defendants made false and/or misleading statements and/or

13   failed to disclose that: (i) study results released by Orexigen, showing that its

14   obesity drug Contrave reduced the risk of heart attacks and cardiovascular death,

15   were unreliable and misleading; (ii) as such, Orexigen faced potential fines, civil

16   penalties, and the possible removal of Contrave from the market; and (iii) as a

17   result of the above, the Company's financial statements were materially false and

18   misleading at all relevant times.

19       5.    On March 3, 2015, the Company filed a Form 8-K with the SEC,

20   announcing a patent application with the United States Patent and Trademark

21   Office. In the patent application, the Company disclosed positive interim results of

22   an ongoing clinical trial of its weight loss drug Contrave. As a result of this news,

23   the Company's shares increased $1.85 or almost 32%, to close at $7.64 on March

3, 2015. The next day, shares rose $0.85 or over 11%, to close at $8.49 on March 4, 2015. The total increase over two days was $2.70, or over 46%. However, the interim data published by the Company was particularly unreliable, as noted in numerous articles published in the days after the patent application was filed.

6.    Takeda, which has an agreement with Orexigen to market Contrave in the United States, released a statement on March 5, 2015, stating that it did not support the release of the interim data.

7.    On the news, shares in Orexigen fell $0.48 or almost 6%, to close at $8.01 on March 5, 2015.

8.    After the close of trading on March 5, 2015, in a report published on *Forbes.com*, a top FDA official criticized Orexigen and its decision to release interim trial data.  In the report, Dr. John Jenkins, the FDA's director of the Office of New Drugs criticized the released data as "unreliable," "misleading," and "likely false." He also said that the results must be kept confidential to avoid compromising the trial's integrity so researchers can get a clear sense of any cardiovascular risk that comes with the drug.

9.    On this news, shares in Orexigen fell as much as $1.25, or almost 16%, to as low as $6.76 in intraday trading on March 6, 2015.

10.    As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

11.    The claims asserted herein arise under and pursuant to §§10(b) and

20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

12.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

13.     Venue is proper in this District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b), as a significant portion of the defendants' actions, and the subsequent damages, took place within this District.

14.     In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## **PARTIES**

15.     Plaintiff, as set forth in the accompanying Certification, which is incorporated by reference herein, purchased the securities of Orexigen at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

16.     Defendant Orexigen is a Delaware company headquartered and operating in the 3344 North Torrey Pines Court, Suite 200, La Jolla, CA 92037. At all relevant times herein shares of Orexigen were listed on the NASDAQ.

17.     Defendant Michael A. Narachi ("Narachi") has served at all relevant times as the Company's President and Chief Executive Officer ("CEO") and a Director.

18.    Defendant Joseph P. Hagan ("Hagan") has served at all relevant times as the Company's Chief Business Officer, Treasurer, and Acting Chief Financial Officer ("CFO").

19.    The Defendants referenced above in ¶¶ 17 and 18 are sometimes referred to herein, collectively, as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

20.    Defendant Orexigen Therapeutics, Inc. is a biopharmaceutical company that focuses on the development of pharmaceutical product candidates for the treatment of obesity.  Its product candidates include NB32, also known as Contrave, which has completed Phase III clinical trials and is being studied in a cardiovascular outcomes trial; and Empatic, which has completed Phase II clinical trials. The Company has a collaboration agreement with Takeda Pharmaceutical Company Limited to develop and commercialize Contrave in the United States, Canada, and Mexico.

21.    The Company was founded in 2002, is headquartered in La Jolla, California, and its shares trade on the NASDAQ under the ticker symbol "OREX."

### Materially False and Misleading
### Statements Issued During the Period

22.    On March 3, 2015, the Company filed a Form 8-K with the SEC, signed by Defendant Hagan, announcing a patent application with the United States Patent and Trademark Office. In the patent application, the Company

disclosed that early data from a study of its drug Contrave which appeared to demonstrate that not only does the pharmaceutical not increase the risk of heart attacks, but that it may actually prevent them. Orexigen utilized the new Contrave heart-safety data to win a new patent which would extend protection from generic competition for an additional seven years.

23.     In the 8-K, the Company disclosed, in part, that Contrave patients experienced 35 MACE events compared to 59 MACE events for placebo patients. A MACE event is defined as a heart attack, stroke or heart-related death. From a statistical standpoint, the interim analysis showed a 41% reduction in the risk of a heart-related adverse event for Contrave compared to placebo. The benefit was statistically significant.

24.     As a result of this news, shares increased $1.85 or almost 32%, to close at $7.64 on March 3, 2015. On the next day, shares rose $0.85 or over 11%, to close at $8.49 on March 4, 2015. The total increase over two days was $2.70, or over 46%.

25.     The statements referenced in ¶¶ 22 and 23 above were materially false and misleading because Defendants made false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, prospects and performance. Specifically, during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (i) study results released by Orexigen, showing that its obesity drug Contrave reduced the risk of heart attacks and cardiovascular death, were unreliable and misleading; (ii) due to the aforementioned, Orexigen could face

1  fines, civil penalties, and the possible withdrawal of Contrave from the market;

2  and (iii) as a result of the above, the Company's financial statements were

3  materially false and misleading at all relevant times.

4  **The Truth Emerges**

5  26.    On March 5, 2015, Takeda, which has an agreement with Orexigen to

6  market Contrave in the United States, released a statement in which it stated that it

7  does not support the release of the interim data. In the statement, Takeda stated, in

8  part:

> Pursuant to the Collaboration Agreement between Takeda and Orexigen,
> Orexigen has the sole right and responsibility for the drafting, prosecution
> and issuance of Orexigen patent filings.  Takeda respects the need to
> vigorously protect intellectual property relating to pharmaceutical
> products; however, Takeda does not support the issuance of patents that
> contain and disclose interim data results of an ongoing clinical trial.
> Takeda is working with the academic leadership of the Light trial (Data
> Monitoring Committee, Executive Steering Committee) and the FDA to
> determine the most appropriate next steps for the LIGHT trial.

27.    On the news, shares in Orexigen fell $0.48 or almost 6%, to close at
$8.01 on March 5, 2015.

28.    After the close of trading on March 5, 2015, in a report published on
*Forbes.com*, a top FDA official criticized Orexigen and its decision to release
interim trial data. In the report, Dr. John Jenkins, the FDA's director of the Office
of New Drugs said that the interim study were "unreliable," "misleading," and
"likely false." He also said that the results must be kept confidential to avoid
compromising the trial's integrity so researchers can get a clear sense of any
cardiac risk related with the drug.

29.   On this news, shares in Orexigen fell as much as $1.25, or almost 16%, to as low as $6.76 in intraday trading on March 6, 2015.

30.   As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

31.   Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Orexigen securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures.   Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

32.   The members of the Class are so numerous that joinder of all members is impracticable.   Throughout the Orexigen Class Period, securities of Orexigen were actively traded on the NASDAQ Global Select Market.   While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that there are hundreds or thousands of members in the proposed Class.   Record owners and other members of the Class may be identified from records maintained by Orexigen or their transfer agents and may be notified of the pendency of this

1    action by mail, using the form of notice similar to that customarily used in

2    securities class actions.

3        33.    Plaintiffs' claims are typical of the claims of the members of the

4    Class as all members of the Class are similarly affected by defendants' wrongful

5    conduct in violation of federal law complained of herein.

6        34.    Plaintiffs will fairly and adequately protect the interests of the

7    members of the Class and have retained counsel competent and experienced in

8    class action and securities litigation.

9        35.    Common questions of law and fact exist as to all members of the

10   Class and predominate over any questions solely affecting individual members of

11   the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Orexigen;

- whether the Individual Defendants caused Orexigen to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Orexigen securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and,

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

22       36.    A class action is superior to all other available methods for the fair

23   and efficient adjudication of this controversy since joinder of all members is

1   impracticable.   Furthermore, as the damages suffered by individual Class

2   members may be relatively small, the expense and burden of individual litigation

3   make it impossible for members of the Class to individually redress the wrongs

4   done to them.   There will be no difficulty in the management of this action as a

5   class action.

6          37.     Plaintiff will rely, in part, upon the presumption of reliance

7   established by the fraud-on-the-market doctrine in that:

8       • Defendants made public misrepresentations or failed to disclose
          material facts during the Class Period;

9

10      • the omissions and misrepresentations were material;

11      • Orexigen securities are traded in efficient markets;

12      • the Company's shares were liquid and traded with moderate to
          heavy volume during the Class Period;

13

14      • the Company traded on the NASDAQ, and was covered by
          multiple analysts;

15      • the misrepresentations and omissions alleged would tend to
          induce a reasonable investor to misjudge the value of the
          Company's securities; and

16

17      • Plaintiff and members of the Class purchased and/or sold
          Orexigen securities between the time the Defendants failed to
          disclose or misrepresented material facts and the time the true
          facts were disclosed, without knowledge of the omitted or
          misrepresented facts.

18

19

20          38.     Based upon the foregoing, Plaintiff and the members of the Class are

    entitled to a presumption of reliance upon the integrity of the market.

21

22          39.     Alternatively, Plaintiffs and the members of the Class are entitled to

23   the presumption of reliance established by the Supreme Court in *Affiliated Ute*

*Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**(Against All Defendants for Violations of Section 10(b) and Rule 10b-5 Promulgated Thereunder)**

40.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

41.     This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

42.     During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Orexigen securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise

acquire Orexigen securities and options at artificially inflated prices.   In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

43.   Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Orexigen securities.   Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Orexigen's finances and business prospects.

44.   By virtue of their positions at Orexigen, defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants.   Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth.   In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

45.     Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of Orexigen securities from their personal portfolios.

46.     Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control.   As the senior managers and/or directors of Orexigen, the Individual Defendants had knowledge of the details of Orexigen's internal affairs.

47.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.   Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Orexigen.   As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Orexigen's businesses, operations, future financial condition and future prospects.   As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Orexigen securities was artificially inflated throughout the Class Period.   In ignorance of the adverse facts concerning Orexigen's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Orexigen securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by defendants, and were damaged thereby.

48.     During the Class Period, Orexigen securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Orexigen securities at prices artificially inflated by defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Orexigen securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of Orexigen securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

49.     By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

50.     As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

1

## COUNT II

2

3

### (Violations of Section 20(a) of the
### Exchange Act Against The Individual Defendants)

4        51.     Plaintiff repeats and realleges each and every allegation contained in

5    the foregoing paragraphs as if fully set forth herein.

6        52.     During the Class Period, the Individual Defendants participated in the

7    operation and management of Orexigen, and conducted and participated, directly

8    and indirectly, in the conduct of Orexigen's business affairs.  Because of their

9    senior positions, they knew the adverse non-public information about Orexigen's

10   misstatement of income and expenses and false financial statements.

11       53.     As officers and/or directors of a publicly owned company, the

12   Individual Defendants had a duty to disseminate accurate and truthful information

13   with respect to Orexigen's financial condition and results of operations, and to

14   correct promptly any public statements issued by Orexigen which had become

15   materially false or misleading.

16       54.     Because of their positions of control and authority as senior officers,

17   the Individual Defendants were able to, and did, control the contents of the

18   various reports, press releases and public filings which Orexigen disseminated in

19   the marketplace during the Class Period concerning Orexigen's results of

20   operations.  Throughout the Class Period, the Individual Defendants exercised

21   their power and authority to cause Orexigen to engage in the wrongful acts

22   complained of herein. The Individual Defendants therefore, were "controlling

23   persons" of Orexigen within the meaning of Section 20(a) of the Exchange Act.

In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Orexigen securities.

55.     Each of the Individual Defendants, therefore, acted as a controlling person of Orexigen.  By reason of their senior management positions and/or being directors of Orexigen, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Orexigen to engage in the unlawful acts and conduct complained of herein.   Each of the Individual Defendants exercised control over the general operations of Orexigen and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

56.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Orexigen.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert

1    fees and other costs; and

2    D.    Awarding such other and further relief as this Court may deem just and

3          proper.

4                        **<u>DEMAND FOR TRIAL BY JURY</u>**

5          Plaintiff hereby demands a trial by jury.

6    Dated:   March 11, 2015

                                  Respectfully submitted,
7

8                                 /s/ Jeremy Lieberman
                                  **POMERANTZ LLP**
9                                 Jeremy A. Lieberman
                                  Francis P. McConville
10                                Jennifer Pafiti
                                  600 Third Avenue, 20th Floor
11                                New York, New York 10016
                                  Telephone:   (212) 661-1100
12                                Facsimile:   (212) 661-8665
                                  Email:  jalieberman@pomlaw.com
13                                       fmcconville@pomlaw.com
                                         jpafiti@pomlaw.com
14                                **POMERANTZ LLP**
                                  Patrick V. Dahlstrom
15                                10 South La Salle Street, Suite 3505
                                  Chicago, Illinois 60603
16                                Telephone:  (312) 377-1181
                                  Facsimile:  (312) 377-1184
17                                Email:  pdahlstrom@pomlaw.com

18                                ***Attorneys for Plaintiff***

19

20

21

22

23